[No. 14679. In Bank. — October 6, 1892.]

THOMAS E. RYAN, RESPONDENT, *v.* EUGENE ROGERS ET AL., APPELLANTS.

CONTRACTS — ACTION FOR BREACH — DEFENSE — MODIFICATION — NON-PERFORMANCE — EVIDENCE. — In an action for damages for the breach of a contract by the defendants to deliver to plaintiff's assignors certain carloads of produce, where the defendants alleged in their answer that the contract set out in the complaint was afterwards modified in writing by changing the place for the delivery of the produce, and extending the time of delivery, but admitted their non-performance of the new agreement, the plaintiff is entitled to insist upon the damages sustained by the breach of the original contract, and evidence offered by the defendants to prove the modified agreement is not improperly excluded by the court.

ID. — PREVENTION OF PERFORMANCE — IMPASSABLE STREAM — INSUFFICIENT DEFENSE. — In such action, where the answer alleged that there was a regular daily communication between the place of residence of the defendants and the place where the produce was to be delivered, a portion of the way by stage, which crossed an unbridged river, and that, prior to the date for the delivery of the produce and until the day after, the river "was swollen by recent rains, so that its passage was impossible, that said stream was unbridged, and at seasons of heavy rains it becomes for days wholly impassable," and that upon an attempt by the defendants it was found impossible to cross the stream, in order to deliver the produce, but did not allege that there was anything unusual in the rise of the river at that time of year, nor that the defendants could not have reached the place of delivery by another route, the averments of the answer are insufficient to show that performance of the contract was prevented by an irresistible and superhuman cause.

ID. — ACT OF GOD — "IRRESISTIBLE AND SUPERHUMAN CAUSE" — ORDINARY RISE OF STREAM. — The words "irresistible and superhuman cause," as used in section 1511 of the Civil Code, which provides in what cases the performance of an obligation is excused, are equivalent in meaning to the phrase "act of God," and refer to those natural causes the effects of which cannot be prevented by the exercise of prudence, diligence, and care, and the use of those appliances which the situation of the party renders it reasonable that he should employ. The words, as applied to watercourses, include only floods or extraordinary freshets, and not such rises or high water in a stream as is usual and ordinary, and reasonably anticipated at particular periods of the year.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Putnam & Nichols,* and *John J. Boyce,* for Appellants.

*Reinstein & Eisner,* and *B. F. Thomas,* for Respondent.

DE HAVEN, J. — On June 4, 1889, the defendants entered into a written contract with Erlanger & Galinger, whereby they agreed to deliver to the latter, on or before November 30, 1889, at San Buenaventura, five car-loads of choice lima beans of the crop of 1889, for the price of $2.75 per hundred pounds. The plaintiff is the assignee of Erlanger & Galinger. It is alleged in the complaint that defendants failed and refused to deliver the beans called for in the contract, or any part thereof, and this action is brought to recover damages alleged to have been sustained by reason of his breach of the contract.

As one defense to the action, the defendants, in their answer, allege that the contract referred to in the complaint was afterwards modified in writing by changing the place for the delivery of said beans to Hueneme, and extending the time for such delivery until and including December 17, 1889; and in this connection the answer alleges that the defendants reside and do business in Santa Barbara, and that there is a regular daily communication between that place and Hueneme, a portion of the way by stage, which crosses the Santa Clara River, and that on the sixteenth, seventeenth, and eighteenth days of December this river "was swollen by recent rains, so that its passage was impossible; that said stream was unbridged, and at seasons of heavy rains it becomes for days wholly impassable"; and on the sixteenth day of December "the agent of defendants, thereunto duly authorized to deliver said beans in accordance with the terms of said contract, attempted to cross said stream and reach said port of Hueneme, but was prevented from reaching the same upon that day or the following day by an irresistible and superhuman cause, and defendants sent another agent, by sea, to said port of Hueneme, who reached there at noon of December 18, 1889," and upon that day they offered to deliver the beans called for by contract, but the assignors of plaintiff refused to accept them.

The case was tried by the court without a jury, and

the court found the terms of the contract to be as stated in the complaint, and that the time for the performance thereof had not been modified or extended, as alleged in the answer; that defendants had failed to perform the contract, and plaintiff had thereby sustained damage in the sum of nine hundred dollars. Judgment was given for plaintiff upon the findings, and the defendants appeal.

1. Upon the trial the defendants offered to introduce in evidence certain telegrams and letters which passed between themselves and the assignors of plaintiff relative to an extension of time within which the defendants might deliver the beans referred to in the original contract. The first one necessary to notice bears date December 7, 1889, and is as follows: —

"To ROGERS BROTHERS.

" If beans answering our contract are delivered according to its terms on December 17th at Ventura, we will accept them.          ERLANGER & GALINGER."

In answer to this, defendants wrote a letter to the attorneys of Erlanger & Galinger, in which they said they would deliver at Ventura if insisted upon, but wished that they might be allowed to make a delivery of the beans at Hueneme. In reply to this, the defendants received the following telegram, dated at San Francisco, December 10, 1889: —

" To ROGERS BROTHERS.

" A. Levy, of Hueneme, will accept the beans for us on December 17th, if in all respects according to contract.          ERLANGER & GALINGER."

On December 16th, the defendants made reply to this, as follows: —

" To ERLANGER & GALINGER.

" Our man goes to Hueneme, to deliver your beans tomorrow."

The court, upon the objection of plaintiff, excluded all

this offered evidence, the objection being that the letters and telegrams were all dated after the time fixed for the performance of the original contract, "and the new proposition and extension . . . . was without any consideration, and no rights could accrue thereunder to the defendants."

The court did not, in view of the answer of the defendants, which admits their non-performance of the new agreement, err in excluding this evidence. These telegrams were sufficient to show an agreement upon the part of the assignees of plaintiff to accept a delivery of the beans at another place and at a later date than that named in the original agreement; and if the new agreement had been complied with by defendants, such performance would undoubtedly have operated as a satisfaction of the original contract, and thus have constituted a defense to an action for damages on account of the failure to perform it within the time limited by its terms. But as there was no performance of the later agreement, the plaintiffs were free to insist upon the damages which, before consenting to give the further time named in the telegrams, they had already sustained by the breach of the original contract.

2. It is claimed by defendants that they were prevented from performing the last contract within the time therein fixed by an irresistible and superhuman cause, and the alleged facts constituting such defense are set out in the answer, and the substance of which, so far as relates to this point, is given in the former part of this opinion.

It is provided by section 1511 of the Civil Code that performance of an obligation is excused "when it is prevented or delayed by an irresistible, superhuman cause, . . . . unless the parties have expressly agreed to the contrary." But the facts as alleged in the answer are not sufficient to show that defendants were prevented by an irresistible, superhuman cause from performing their contract within the meaning of this section of the Civil Code. This court, in *Fay* v. *Pac. Imp. Co.*, 93 Cal.

255, construing the same words, found in another section of the Civil Code, said: "The words 'irresistible, superhuman cause' are equivalent in meaning to the phrase 'the act of God,' and refer to those natural causes the effects of which cannot be prevented by the exercise of prudence, diligence, and care, and the use of those appliances which the situation of the party renders it reasonable that he should employ." And in the case of *Dorman* v. *Ames*, 12 Minn. 451, the supreme court of that state say: "But an 'act of God,' in legal phraseology, means an accident against which ordinary skill and foresight is not expected to provide. This, applied to watercourses, would include only floods or extraordinary freshets, and not such rises or high water in a stream as is usual or ordinary, and reasonably anticipated at particular periods of the year."

It is apparent that the matters stated in the answer are not such as to bring the failure of the defendants to perform their contract within the protection of this rule. It does not appear that there was anything unusual for that season of the year in the rise of the waters referred to, and therefore that such rise was something which ordinary prudence might not have anticipated, and at the same time have taken proper steps to guard against any delay by reason thereof, nor is it alleged that defendants could not have reached Hueneme by another route, or that it was impossible for them to communicate with that place, and direct the delivery to be made by some other agent; and without such averments the other facts alleged are not sufficient to show that performance of their contract was prevented by the "act of God." (*Williams* v. *Vanderbilt*, 28 N. Y. 217; 84 Am. Dec. 333; *Engster* v. *West*, 35 La. Ann. 119; 48 Am. Rep. 232.)

We find no error in the record.

Judgment and order affirmed.

McFARLAND, J., SHARPSTEIN, J., GAROUTTE, J., and BEATTY, C. J., concurred.